UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GRISELLE M. PRATTS, individually and
on behalf of those similarly situated

       Plaintiff,

v.                                  Case No:  2:15-cv-124-FtM-38CM

ARES ON FOWLER, LLC,

       Defendant.

_____/

## ORDER[1]

This matter comes before the Court on Defendant's Amended Motion to Compel

Arbitration and to Stay or Dismiss Proceedings (Doc. #9) filed on May 8, 2015.  Plaintiff

failed to file a response in opposition, and the time to do so has now expired.  The matter

is ripe for review.

### Background

Plaintiff Griselle M. Pratts is a former entertainer and exotic dancer.  (Doc. #1 at

1).  Defendant Ares on Fowler is a limited liability company who operates an adult

entertainment club in Fort Myers, Florida.  (Doc. #1 at 1).  Three years ago, Defendant

hired Plaintiff to serve as an exotic dancer to entertain its customers. (Doc. #1 at 1-2).

During those three years, Defendant classified Plaintiff as an independent contractor.

(Doc. #1 at 2).  This classification, according to Plaintiff, was improper and allowed

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendant to require Plaintiff to work more than forty hours a week without compensating her at the applicable minimum wage or overtime rates. (Doc. #1 at 2). With these allegations in hand, Plaintiff filed the instant action asserting four counts on behalf of herself and all others similarly situated: violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 (Count 1); violation of the FLSA, § 206 (Count 2); violation of the FLSA, § 211 (Count 3); and violation of the Florida Constitution Article X Section 24 for unpaid minimum wages (Count 4). (Doc. #1 at 5-7). Now, Defendant moves to compel Plaintiff into arbitration or, in the alternative, to stay or dismiss the action. (Doc. #9).

### Discussion

Arbitration is a form of binding dispute resolution. Parties can contractually agree to arbitrate all or some claims pursuant to their legal relationship. The Federal Arbitration Act ("FAA") places "arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 63 (2010) (internal citations omitted). State law governs whether an arbitration agreement is enforceable. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) (citation omitted); *Shotts v. OP Winter Haven, Inc.*, 80 So.3d 456, 464 (Fla. 2011) (citation omitted). Here, Florida law applies. (Doc. #9 at 18).

Florida law provides that an arbitration agreement is valid if three questions are affirmatively answered: (1) does a valid written agreement to arbitrate exist; (2) do arbitrable issues exist; and (3) has the right to arbitration been waived? *Mora v. Abraham Chevrolet-Tampa, Inc.*, 913 So.2d 32, 33 (Fla. 2nd DCA 2005) (citing *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So.2d 707, 711 (Fla. 2005)). Moreover, a contract like the arbitration agreement at issue here is enforceable so long as there was an offer,

acceptance, and sufficient specification of essential terms. *Jones v. Sallie Mae, Inc.*, No. 3:13-cv-837-J-99MMH-MCR, 2013 WL 6283483, at *4 (M.D. Fla. Dec. 4, 2013) (citations omitted).

Here, the Court finds that a valid written agreement to arbitrate exists.  When Plaintiff applied to work for Defendant, she indicated that she would like to do so as an "Independent Professional Entertainer."  (Doc. #9 at 15).  With this selection, Defendant offered Plaintiff employment conditioned on her entering into a "Dancer Performance Lease."  (the lease) (Doc. #9 at 16).  The lease provided, among other things, that any claims arising out of Plaintiff performing at Defendant's club were to "be exclusively decided by binding arbitration held pursuant to the [FAA]."  (Doc. #9 at 18-19).  Plaintiff agreed to these terms, signing the lease and even initialing on the page where they are located. (Doc. #9 at 19).   These facts also illustrate that an arbitrable issue exists. Because the lease provides that arbitration is required for any claims arising out of Plaintiff's performance at Defendant's club, it logically follows that her claims fall under this language.  To be sure, Plaintiff alleges that she was not paid minimum wage or overtime compensation for her time performing at the club, which undoubtedly relates to her performance at the club.  Finally, there has been no evidence presented that indicates Defendant has waived its right to arbitration, but there is evidence that Plaintiff waived her right to a jury trial in the lease agreement.  (Doc. #9 at 19).

Upon consideration of the Motion and the agreement between the Parties, the Court finds that the Parties have contracted to arbitrate this pending matter and accordingly this action should be stayed pending arbitration.[2]

Accordingly, it is now

**ORDERED:**

1. Defendant Ares on Fowler, LLC's Amended Motion to Compel Arbitration and to Stay or Dismiss Proceedings (Doc. #9) is **GRANTED**. The Parties shall proceed to arbitration. All proceedings in this action are **STAYED** pending completion of arbitration. The jury demand (Doc. #1) is hereby **STRICKEN**.

2. The Clerk is directed to add a stay flag and administratively close the case until notification by the Parties that the case is due to be reopened or dismissed.

3. The Parties are directed to: (a) file a written status report every ninety (90) days during the pendency of the arbitration; (b) jointly notify the Court in writing within seven (7) days of the conclusion of the arbitration proceedings; and (c) file exhibits to motions as attachments to the main document going forward. *See* M.D. Fla. Administrative Procedures for Electronic Filing in Civil and Criminal Cases ("Each separate exhibit must be filed as a separate attachment to the main document.").

**DONE** and **ORDERED** in Fort Myers, Florida, this 3rd day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] Notably, Plaintiff also agreed that she "will not consolidate her claims with those of any other individual," "seek class or collective action for any claim that she may have," and "will not participate in any class or collective action against the club." (Doc. #9 at 19).