UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GRISELLE M. PRATTS, individually and
on behalf of those similarly situated

        Plaintiff,

v.                                      Case No:  2:15-cv-124-FtM-38CM

ARES ON FOWLER, LLC,

        Defendant.
_____/

### ORDER[1]

This matter comes before the Court on Plaintiff, Griselle M. Pratts, Notice of Voluntary Dismissal with Prejudice (Doc. #12) filed on October 7, 2015.  Federal Rule of Civil Procedure 41(a)(1)(A), allows a plaintiff to dismiss a case without a court order.  The Rule reads in pertinent part:

> Subject to Rules 23(e), 23.1, 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i)    A notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii)   A stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

In this instance, the Plaintiff informs the Court that the Parties have settled the case and advises that she voluntarily dismisses the Complaint with prejudice.  However,

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiff files her voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii). Under Rule 41(a)(1)(A)(ii), both Parties have to sign the voluntary dismissal. Here only Plaintiff signed the voluntary dismissal. Thus, the voluntary dismissal is incomplete and rejected by the Court.

Further, Under Rule 41(a)(1)(A), parties are not permitted to stipulate to the dismissal of an action if doing so would run contrary to "any applicable federal statute." Farias v. Trade Secrets, LLC, 2014 WL 8771497, *1 (M.D. Fla. September 18, 2014). Since this is the settlement of an action filed under the Fair Labor Standards Act (FLSA), the Court must first review the settlement agreement for fairness. Id. As Lynn's Food Stores v. United States emphasizes, the FLSA does not permit employees to settle, voluntarily dismiss with prejudice, or otherwise compromise their statutory claims without approval from a district court or the Secretary of Labor. 679 F.2d 1350, 1352–54 (11th Cir.1982) (holding that the FLSA's provisions are "mandatory" and "are not subject to negotiation or bargaining between employers and employees"). Rule 41(a)(1)(a)(ii) does not authorize parties to voluntarily dismiss an employee's FLSA claims with prejudice unless they first obtain the requisite approval. Farias, 2014 WL 8771497, at *1. (citing Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1247 (M.D. Fla. 2010) (rejecting a Rule 41(a)(1)(A)(ii) dismissal of an FLSA claim for failure to obtain judicial approval of the parties' settlement agreement)).

Here, the Court has not approved the Parties' settlement agreement, and therefore their stipulated dismissal is ineffective. Farias, 2014 WL 8771497, at *1. The Court directs the parties to submit the settlement information for review. The information should include a copy of the settlement agreement signed by all parties, a copy of the Plaintiff's Counsel's

billing records unless the attorney's fees were settled pursuant to Bonetti v. Embarq Management Co., 715 F. Supp. 1222 (M.D. Fla. 2009), a brief description of the terms of the settlement, the number of hours and lost wages originally claimed by Plaintiff and whether or not the Plaintiffs claims were settled by compromise.

Accordingly, it is now

**ORDERED:**

Plaintiff, Griselle M. Pratts, Notice of Voluntary Dismissal with Prejudice (Doc. #12) is **REJECTED**. The Parties are directed to file a copy of the Settlement Agreement for the Court's fairness review on or before **October 19, 2015**. Otherwise the Court will assume the case is continuing forward.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of October, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3